UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEDRO FARIAS-FIGUEROA,

Petitioner,

v.

WARDEN, FCI MENDOTA,

Respondent.

No. 1:26-cv-03688-JLT-CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS

ORDER DIRECTING RESPONDENT TO ANSWER THE PETITION

(Doc. 8)

Pedro Farias-Figueroa, a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on May 15, 2026, the Court ordered Respondent to file a response to the petition. (Doc. 3.) On June 29, 2026, Respondent timely filed a motion to dismiss the petition. (Doc. 5.) Respondent's motion is based in part on an argument that Petitioner is statutorily barred from being awarded the relief he seeks as the subject of a final order of removal. *See id.* On July 9, 2026, Petitioner opposes the motion. (Doc. 6.)

On July 13, 2026, the assigned magistrate judge entered findings and recommendations to deny Respondent's motion to dismiss and require Respondent to answer the petitioner, finding that Petitioner is not, in fact, subject to a final order of removal. (Doc. 8.) On July 27, 2026, Respondent timely filed objections that rely exclusively on arguments advanced in the motion to dismiss and

already considered by the assigned magistrate judge. (Doc. 9.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. The findings and recommendations are supported by the record and proper analysis. Exhaustion would be a futile endeavor. (*See* Doc. 8 at 4 n.4.) Respondent does not contest the magistrate judge's pivotal finding, i.e., that there is no evidence in the record to show that Petitioner's previously executed final order of removal has been reinstated. (*See* Docs. 8 at 6–8, 9 at 1.) Respondent does not contend that the previously executed notice of removal has in fact been reinstated. Because reinstatement is not automatic, Respondent has not demonstrated that Petitioner "*is* the subject of a final order of removal." 18 U.S.C. 3632(d)(4)(E)(i) (emphasis added).

Accordingly, the Court ORDERS:

1. The findings and recommendations, (Doc. 8), issued on July 13, 2026, are **ADOPTED** in full. The motion to dismiss (Doc. 5) is **DENIED** without prejudice to renewal with evidence showing Petitioner is the subject of a final order of removal. *See, e.g.*, *Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 23-0849, 2025 WL 3089355 (E.D. Cal. Nov. 5, 2025), *adopted in full*, 2026 WL 257636 (E.D. Cal. Jan. 30, 2026).
2. Respondent **SHALL FILE AND SERVE** an answer to the petition, accompanied by any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, within 14 days of the date of this order.

IT IS SO ORDERED.

Dated: September 16, 2026

UNITED STATES DISTRICT JUDGE